**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS MACOTE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAH HING TRADING INC., WAH HING, SALLY LIN, YU Y LIN, and LIN YUN YU,<br><br>Defendants. | Civil Action No. 24-111 (SDW) (JSA)<br><br>**WHEREAS OPINION**<br><br>April 7, 2025 |

      **THIS MATTER** having come before this Court upon Defendants Wah Hing Trading Inc. and Sally Lin's ("Moving Defendants") Motion to Vacate Default entered against them on September 5, 2024 (D.E. 11); and

      **WHEREAS** Plaintiff Carlos Macote ("Plaintiff") filed a Complaint against Moving Defendants on January 7, 2024. (D.E. 1.) Plaintiff filed a Motion for Entry of Default on May 31, 2024; the Clerk of the Court entered the default on June 4, 2024. (D.E. 7.) This Court then granted Plaintiff's Motion for Default Judgment on September 5, 2024 pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(2). (D.E. 10.); and

      **WHEREAS** Rule 55(c) provides that a court may "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." In deciding whether to vacate a default, a court must consider: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the

defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985); and

**WHEREAS** here, the elements necessary to vacate a default are satisfied. There is no indication Plaintiff has suffered or will suffer any prejudice by reopening this case and permitting Moving Defendants to proceed. *See Nyholm v. Pryce*, 259 F.R.D. 101, 105 (D.N.J. 2009) ("While setting aside the entry of default would [undo] Plaintiff's minimal efforts thus far, in this Court's view, such result would not constitute prejudice to Plaintiff.") Second, Moving Defendants have a meritorious defense—namely that Moving Defendants have not owned or operated the business relevant to Plaintiff's claims since 2006. In support of their defense, Moving Defendants present a 2006 Certificate of Dissolution for Wah Hing Trading, Inc. and a 2020 contract of sale between Yang Ming Trading, Inc. and New Yang Ming Trading Inc. (D.E. 11-8 (Ex. C, Certificate of Dissolution); D.E. 11-9 (Ex. D, Contract of Sale).) Moving Defendants present evidence which "if proven at trial, would constitute a complete defense." *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Mill Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Lastly, default judgment was erroneously entered in this matter at no fault of Moving Defendants; therefore

Moving Defendants' Motion to Vacate Default is **GRANTED**. An appropriate order follows.

                                                                      /s/ Susan D. Wigenton  
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk  
cc:          Parties  
              Jessica S. Allen, U.S.M.J.